An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-278

NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

STATE OF NORTH CAROLINA

    v.

                                    New Hanover County

                                    No. 13CRS054532

JAMAR BROWN,

    Defendant.

Appeal by defendant from judgment entered on or about 30 October 2013 by Judge Phyllis M. Gorham in New Hanover County Superior Court. Heard in the Court of Appeals 11 August 2014.

      *Attorney General Roy A. Cooper III, by Special Deputy Attorney General James M. Stanley, Jr., for the State.*

      *Appellate Defender Staples Hughes, by Assistant Appellate Defender Jillian C. Katz, for defendant-appellant.*

STROUD, Judge.

Defendant appeals from a judgment imposing an active sentence of 51 to 74 months upon jury convictions of robbery with a dangerous weapon and conspiracy to commit robbery with a dangerous weapon.

The State's evidence tends to show that on 16 May 2013, Christopher Tyler, a pizza delivery driver for Domino's Pizza,

delivered an order to an address in Castle Hayne, N.C. Upon arrival, he noticed that the address appeared to be a vacant house. Mr. Tyler turned his vehicle around and stopped at a stop sign. A man approached his car and asked, "Where's the money? . . . I know you have money, where is it?" Mr. Tyler gave the man all of the money in his wallet and pocket. The man put a knife to Mr. Tyler's throat and said, "Don't try anything." Meanwhile, a second man went into Mr. Tyler's car and searched through it. The second man removed Mr. Tyler's car keys from the ignition. After the two men took the pizza and Mr. Tyler's money and keys, the man with the knife ordered Mr. Tyler to get back into the car and sit there. The two men walked away. After about five minutes passed, Mr. Tyler got out of the car, went inside a house across the street, and called the police. While Mr. Tyler was on the telephone, the two men drove by and threw his car keys out of the window. Mr. Tyler subsequently identified Tishaud McMillan as the man who had the knife. He could not identify the second man.

On 28 May 2013, Sergeant David Swan of the New Hanover County Sheriff's Department interviewed defendant about the incident. Defendant initially told the officer that he had nothing to do with the robbery of Mr. Tyler. After the officer

falsely told defendant that his DNA and fingerprints were found in Mr. Tyler's car, defendant stated that he was present during the robbery but did not participate. Defendant later admitted that he "looked in [Mr. Tyler's] car" and ran from the scene with McMillan. He also gave a written statement in which he indicated McMillan put a knife to the pizza delivery person, "made him give up everything," took the pizza, and "through [sic] his keys." Defendant also stated, "[T]hen we took of [sic] running I Jamar Brown went home and he went his way."

Defendant contends the court erred by denying his motions to dismiss the charges for insufficient evidence. He argues that his confession, standing alone, was insufficient under the *corpus delicti* rule to establish him as a perpetrator of the offenses. Defendant has filed a reply brief in which he withdraws this issue. We therefore will not address it.

Defendant also contends that the court erred by submitting an instruction to the jury on flight. He argues the instruction is not supported by evidence.

"Assignments of error challenging the trial court's decisions regarding jury instructions are reviewed *de novo* by this Court." *State v. Osorio*, 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009).

> So long as there is some evidence in the record reasonably supporting the theory that defendant fled after commission of the crime charged, the instruction [on flight] is properly given. The fact that there may be other reasonable explanations for defendant's conduct does not render the instruction improper."

*State v. Irick,* 291 N.C. 480, 494, 231 S.E.2d 833, 842 (1977). However, "[m]ere evidence that defendant left the scene of the crime is not enough to support an instruction on flight. There must also be some evidence that defendant took steps to avoid apprehension." *State v. Thompson*, 328 N.C. 477, 490, 402 S.E.2d 386, 392 (1991).

Defendant argues there is no evidence that the perpetrators fled to avoid apprehension, as the evidence shows the perpetrators merely walked away from the scene and came back later to return the car keys. Defendant's argument, however, ignores defendant's confession in which he stated that defendant and his accomplice took Mr. Tyler's money and pizza and "took of [sic] running." His argument also overlooks Mr. Tyler's testimony that the perpetrators took Mr. Tyler's car keys and ordered him to remain in the vehicle, thereby allowing them to get away and avoid immediate apprehension. We conclude the court properly submitted the instruction based upon the foregoing evidence.

We hold defendant received a fair trial, free of prejudicial error.

NO ERROR.

Judges BRYANT and HUNTER, JR., Robert N. concur.

Report per Rule 30(e).